## RICHARDSON v. BEVERUNG AND BURG, Appellants

(Jan. 3, 1927. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Sales—Par. 226.**

A purchaser of cattle can claim warranty only from his immediate vendor and not from an anterior vendor.

Appeal from Civil District Court. Hon. Mark M. Boatner, Judge.

Action by Wm. A. Richardson against Geo. Beverung and L. M. Burg.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

Eugene Tharp, E. N. Gonzelmann, of New Orleans, attorneys for plaintiff, appellee.

John Wagner, H. Mithoff, of New Orleans, attorneys for defendants, appellants.

CLAIBORNE, J. This is a suit upon the following promissory note:

"$2293.00      Jeff. Parish, La.
"October 11, 1921.

"Six months after date I or either of us, promise to pay to the order of W. A. Richardson, two thousand two hundred and ninety-three dollars, value received, with interest at the rate of 8 per cent after maturity until paid, and attorney's fees."

Then follows certain conditions concerning the transfer of the note.

"Signed Geo. Beverung.
"Endorsed L. M. Burg.
"W. A. Richardson."

Annexed to the petition are the note and protest and notice of protest.

The plaintiff alleged that he is the owner of said note; that $1500 had been paid on account thereof, leaving due $793 and interest at 8 per cent from April 11, 1921, and 10 per cent attorney's fees and he prayed for judgment for said amount against both defendants in solido.

There was judgment by default against Beverung.

For answer, Burg admitted his endorsement of the note but denied owing it "because there was a failure of consideration; the said note was given in a transaction involving the purchase of certain cows and as part payment; that the said cows were not as bought and there was a failure of the consideration and he so notified the said Wm. A. Richardson".

In a supplemental answer Burg alleged "that on or about the 11th of October, 1921, George Beverung, co-defendant, purchased at public auction in the parish of Jefferson, at plaintiff's place of business, a number of cows and heifers numbering about 19, more or less, with cans and stools, for the price of $2293; that while said sale was conducted by an auctioneer, the plaintiff herein William A. Richardson, stood by and publicly guaranteed that

each animal sold and offered for sale was sound and healthy, and that should any purchaser find after delivery that this condition did not exist, then he would become responsible to said purchaser for any defects and for the reimbursement of any amount suffered by the purchaser; that under the terms of this sale George Beverung, the maker of the note sued on in this action, on which note respondent became endorser, purchased said cows and heifers"; then follows an enumeration of a list of cows and the price paid for each, represented by the note sued on; and the allegation that a certain number of those cows were afflicted with tuberculosis, while another number were falsely represented with calf, and the depreciation resulting from said causes amounted to .$895 for which Richardson was entitled to a credit on said note.

The plaintiff further alleged "that as between the said George Beverung and respondent, co-defendants in this action, the purchase of the aforesaid animals and implements was made on a basis of certain pro-rata between themselves; that your respondent, Burg, took cows, heifers, and implements by agreement between him and said Beverung amounting to the sum of $1384, and said Beverung took and retained cows and heifers amounting to the sum of $907".

Defendant Burg prayed for judgment in his favor rejecting plaintiff's demand.

There was judgment for plaintiff and Burg has appealed.

The defendant's answer is essentially an action for the reduction of the price of the animals sold for which the note sued on was given, an action quanti minoris C. C. 2520-2548. This action lies only on behalf on the purchaser against his immediate vendor. But in the present case the vendor, it is true was Richardson, but the purchaser, according to repeated allegations in the petition, was Beverung, and not Burg. It was only "as between the said George Beverung and respondent (Burg) co-defendants in this action" as was also correctly said in the same petition, that the purchase "was made on a basis of certain pro-rata among themselves".

Plaintiff testified that "Beverung bought the cattle"; they were all sold by the auctioneer; none of the cows were sold to Burg; he did not buy any; Burg endorsed Beverung's note; the cattle were bought by Beverung; plaintiff never knew anything of Burg.

Lucas Schiro the auctioneer who cried and sold the cows was asked:

"Q. Just tell us who purchased the cows?

"A. George Beverung.

"Q. Your record shows that they were purchased by George Beverung.

"A. Yes, sir.

"Q. All the cows then were charged to George Beverung?

"A. Yes, sir.

"Q. Were all of them bought in by Mr. Beverung?

"A. Some by Burg and some by Beverung, both were bidding in.

"Q. Do you know which cows Mr. Burg bought in from your sales book?

"A. After the sale we marked some cows off so they could separate each cow separately among themselves."

In Burg's answer it is repeatedly alleged that Beverung purchased the cows, and that Burg took cows by agreement between him and Beverung.

The defendant Burg himself does not testify that he bought any cattle from the

plaintiff. Under these conditions he cannot have a claim in warranty against him.

It is therefore ordered that the judgment in favor of plaintiff be affirmed.